USA v. Sang

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of February, two thousand thirteen.

PRESENT:

      John M. Walker, Jr.,
      Robert A. Katzmann,
           <u>Circuit Judges</u>,
      Loretta A. Preska,*
           <u>District Judge</u>.

---------------------------------------------X

UNITED STATES OF AMERICA,

      <u>Appellee</u>,

    - v. -                 No. 12-57-cr

RENEE SUKI SANG,

      <u>Defendant-Appellant</u>.

---------------------------------------------X

FOR APPELLEE:          SEAN S. BUCKLEY (Brent S. White *on*

---

\* Chief Judge Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

*the brief*) *for* PREET BHARARA, United States Attorney for the Southern District of New York, New York, NY.

FOR APPELLANT: JUSTINE A. HARRIS, Colson & Harris LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (William H. Pauley III, Judge).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Renee Suki Sang appeals from the district court's restitution award in the amount of $59,551.08 after pleading guilty to larceny. Sang, who participated in a scheme to withdraw money from her bank account after a friend deposited a fraudulent $60,000 check, argues that the district court was required to accept as true the statement she made during her allocution that she did not form an intent to steal until approximately $10,000 remained in her account. She argues that the district court looked beyond the conduct underlying her offense of conviction by ordering restitution in the full amount of her withdrawals. The district court found that Sang's intent, which it described as "classic conscious avoidance," was formed much earlier, such that she should be responsible for the full

amount of her withdrawals for the purpose of restitution. We presume the parties' familiarity with the facts and procedural history of this case.

We review a district court's award of restitution for abuse of discretion. United States v. Qurashi, 634 F.3d 699, 701 (2d Cir. 2011). The district court's "findings of adjudicative fact" in connection with a restitution order are reviewed "for clear error." United States v. Jaffe, 417 F.3d 259, 263 (2d Cir. 2005).

In Hughey v. United States, 495 U.S. 411, 413 (1990), the Supreme Court held that the language and structure of the Victim and Witness Protection Act (the "VWPA") "ma[de] plain Congress' intent to authorize an award of restitution only for the loss caused by the specific conduct that is the basis of the offense of conviction." The Mandatory Victim's Restitution Act (the "MVRA") states that when a defendant is convicted of "an offense against property," the court "shall order . . . that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A. In United States v. Oladimeji, 463 F.3d 152, 157-58 (2d Cir. 2006), we extended the holding of Hughey to the MVRA. Pursuant to § 3663A(d), all restitution orders under the MVRA must comply with the requirements of 18 U.S.C. § 3664. Section 3664(e) provides that "[a]ny dispute as to the proper

-3-

amount or type of restitution shall be resolved by the court by the preponderance of the evidence," and we have further held that "under the precedents set by Apprendi, Blakely, and Booker, the Sixth Amendment does not bar a district court from imposing a restitution order that is based on findings it has made by a preponderance of the evidence." Oladimeji, 463 F.3d at 157 (citing United States v. Reifler, 446 F.3d 65 (2d Cir. 2006)).

We find no abuse of discretion in the district court's restitution award or clear error in its factual findings. From its extensive dealings with Sang related to her marijuana use, the district court knew that Sang was a cashier with a yearly income of $2,200 and that she was, in the district court's words, "no dummy." Based on these observations, the district court termed Sang's failure to question the $60,000 deposit "classic conscious avoidance" and noted that "restitution . . . [was] appropriate in the full amount of what [Sang] had every reason to believe was at risk."[1] Sang's statement at her allocution that she only formed criminal intent when less than $10,000 remained in her account is but one piece of evidence that the district court weighed, and it was well within its discretion to find that

---

[1] When the magistrate judge accepted Sang's plea, as part of a discussion about forfeiture and restitution, the judge asked Sang whether she understood that she would be required to forfeit "some amount of money to the government, that may be $60,759," and she confirmed that she understood.

she should be held responsible for the full amount of the withdrawals. Although Sang correctly asserts that the district court may not consider conduct outside of the offense for the purposes of calculating a restitution award, the court did not do so here. The court concluded that she was criminally responsible for the full amount of the withdrawals.[2]

A ruling in Sang's favor could provide an incentive to other defendants to attempt to limit restitution awards unilaterally by testifying at their plea allocutions to the bare minimum that would constitute a sufficient plea. Not only would such a ruling be in contravention of the district court's ability to make restitution findings by a preponderance of the evidence, it would also conflict with the "primary and overarching purpose of the MVRA [which] is to make victims of crime whole." United States v. Pescatore, 637 F.3d 128, 139 (2d Cir. 2011).

---

[2] In United States v. Adams, 363 F.3d 363, 367 (5th Cir. 2004), the Fifth Circuit held that a defendant's statement during a plea allocution narrowed the scope of his offense of conviction (and therefore limited his restitution obligations) because the parties had reached a "mutual understanding" as to the relevant facts. We need not decide whether we would endorse a similar rule, however, because there was no "mutual understanding" in this case, and unlike in Adams, there was no plea agreement between the parties.

We have considered all of Sang's arguments and find them to be without merit.  For the foregoing reasons, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court